KRISTOPHER T. ZEPPENFELD
Nevada Bar No. 12144
kz@vegasvalleylaw.com
GARRETT B. LOGAN, ESQ.
Nevada Bar No. 15063
gbl@vegasvalleylaw.com
VEGAS VALLEY INJURY LAW
710 South Seventh Street, Suite C
Las Vegas, Nevada 89101
Tel: (702) 444-5555
Fax: (725) 800-7227
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CONSTANCE BENTON, Special Administrator of the Estate of ROBERT BARCONIA, JR., deceased,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware Corporation d/b/a WALMART SUPERCENTER #3728; BROSNAN RISK CONSULTANTS, LTD., a New York Corporation; ANDERSON CONSTRUCTION CORP, a Nevada Corporation; DOES I-X and ROE CORPORATIONS IV-X, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-01034-GMN-BNW<br><br>**STIPULATION AND ORDER TO FILE SECOND AMENDED COMPLAINT** |

    IT IS HEREBY STIPULATED, by and through their counsel of record, to allow Plaintiff to amend the Complaint to replace Defendant Anderson Construction Corp. with ANDERSON MERCHANDISERS, LLC, a foreign Limited Liability Company.

/ / /

/ / /

/ / /

IT IS FURTHER STIPULATED that Plaintiff was operating under the assumption that the entity was Anderson Construction because this is what Walmart claimed in its responses to written discovery. However, Plaintiff's counsel has subsequently discovered that the proper entity name is ANDERSON MERCHANDISERS, LLC, as outlined in Subpoenaed information received from North Las Vegas Police Department. The proposed Second Amended Complaint is attached as Exhibit A.

DATED this 17th day of March 2025.

| VEGAS VALLEY INJURY LAW | OLSON CANNON & GORMLEY |
|---|---|
| /s/ Kristopher T. Zeppenfeld | /s/ Max E. Corrick, II |
| KRISTOPHER T. ZEPPENFELD, ESQ.<br>Nevada Bar No. 12144<br>710 S. Seventh Street, Suite C<br>Las Vegas, NV 89101<br>*Attorneys for Plaintiff* | MAX E. CORRICK, II<br>Nevada Bar No. 006609<br>9950 West Cheyenne Avenue<br>Las Vegas, NV 89129<br>*Attorney for Brosnan Risk Consultants, Ltd.* |

SKANE MILLS LLP

/s/ Sarai L. Thornton

SARAI L. THORNTON, ESQ. (#11067)
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
*Attorneys for Walmart Inc. dba Walmart Supercenter #3728*

## ORDER

IT IS HEREBY ORDERED Plaintiff shall amend the Complaint to replace Defendant Anderson Construction Corp. with ANDERSON MERCHANDISERS, LLC, a foreign Limited Liability Company.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: March 18, 2025

Respectfully submitted by:

VEGAS VALLEY INJURY LAW

  /s/ Kristopher T. Zeppenfeld
Kristopher T. Zeppenfeld, Esq. (12144)
710 South Seventh Street, Suite C
Las Vegas, Nevada 89101
Attorneys for Plaintiff

KRISTOPHER T. ZEPPENFELD
Nevada Bar No. 12144
kz@vegasvalleylaw.com
GARRETT B. LOGAN, ESQ.
Nevada Bar No. 15063
gbl@vegasvalleylaw.com
VEGAS VALLEY INJURY LAW
710 South Seventh Street, Suite C
Las Vegas, Nevada 89101
Tel: (702) 444-5555
Fax: (725) 800-7227

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CONSTANCE BENTON, Special Administrator of the Estate of ROBERT BARCONIA, JR., deceased,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware Corporation d/b/a WALMART SUPERCENTER #3728; BROSNAN RISK CONSULTANTS, LTD., a New York Corporation; ANDERSON MERCHANDISERS, LLC, a foreign Limited Liability Company; DOES I-X and ROE CORPORATIONS IV-X, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-01034-GMN-BNW<br><br>**SECOND AMENDED COMPLAINT** |

COMES NOW, CONSTANCE BENTON, Special Administrator of the Estate of ROBERT BARCONIA, JR., deceased ("Plaintiff"), and through her counsel of record, Kristopher T. Zeppenfeld, Esq., of the law firm of VEGAS VALLEY INJURY LAW, files this Second Amended Complaint against Defendants WALMART INC. d/b/a WALMART SUPERCENTER #3728, BROSNAN RISK CONSULTANTS, LTD, a New York Corporation; and ANDERSON MERCHANDISERS, LLC, a foreign Limited Liability Company (collectively "Defendants"), and alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff CONSTANCE BENTON (hereinafter "Plaintiff") is, and at all times

mentioned herein, a resident of the County of Shelby, State of Tennessee.

2. Plaintiff is the Special Administrator of the Estate of Robert Barconia, Jr. ("Mr. Barconia"), and is and was, at all times mentioned herein, Mr. Barconia's mother.

3. At all relevant times herein, Mr. Barconia was an individual residing in Clark County, Nevada.

4. At all relevant times herein, Defendant WALMART INC. d/b/a WALMART SUPERCENTER #3728 ("Defendant Walmart") was licensed to do business in, and was doing business in, Clark County, Nevada.

5. Upon information and belief, and at all relevant times herein, Defendant Walmart was the owner and operator of the Wal-Mart Supercenter Store #3728 located at 3950 Lake Mead Boulevard, North Las Vegas, Nevada 89032 (the "Premises").

6. Upon information and belief, and at all relevant times herein, Defendant BROSNAN RISK CONSULTANTS, LTD ("Defendant Brosnan") was licensed to do business in, and was doing business in, Clark County, Nevada.

7. Upon information and belief, and at all relevant times herein, Defendant Walmart hired Defendant Brosnan to provide security services at the Premises.

8. Upon information and belief, and at all relevant times herein, Defendant ANDERSON MERCHANDISERS, LLC ("Defendant Anderson") was licensed to do business in, and was doing business in, Clark County, Nevada.

9. Upon information and belief, and at all relevant times herein, Defendant Walmart hired Defendant Anderson to provide services for the Premises.

10. That the true names and capacities of the Defendants designated herein as Doe or Roe Corporations are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

11. That at all relevant times herein, Defendants were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and

consent of all other named Defendants.

12. Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is meant that such Defendant's officers, agents, servants, employees, and/or representatives did such an act or thing and at the time such act or thing was done, it was done with full authorization or ratification of such Defendant or was done in the normal and routine course and scope of business, or with the actual, apparent, and/or implied authority of such Defendant's officers, agents, servants, employees, and/or representatives. Specifically, Defendants are liable for the actions of their officers, agents, servants, employees, and representatives.

13. At all times material to this Complaint, the acts and omissions giving rise to this action occurred in Clark County, of Nevada.

## GENERAL ALLEGATIONS

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 13 of this Complaint and incorporates each as though fully set forth herein.

15. On or about February 28, 2022, Mr. Barconia was in his vehicle in the parking lot of the Premises.

16. On or about February 28, 2022, Donzell Dimitri Nevels ("Nevels") worked as an employee of Defendant Anderson and was working at the Premises.

17. In the evening hours of February 28, 2022, Nevels encountered Mr. Barconia while Mr. Barconia was in his vehicle in the parking lot of the Premises.

18. Nevels then brandished a firearm and opened fire into Mr. Barconia's vehicle, resulting in Mr. Barconia being shot and killed.

19. All the while, Defendants did nothing to prevent the shooting from occurring.

20. The shooting incident underlying this litigation is a direct result of Defendants' willful disregard of their obligations under the law.

21. As a result of Mr. Barconia's death arising out of Defendants' despicable conduct, Plaintiff suffered injuries, damages, and pain and suffering.

/ / /

/ / /

## FIRST CAUSE OF ACTION

### (Negligence – All Defendants)

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 of this Complaint and incorporates each as though fully set forth herein.

23. Defendants, through their acts and omissions, owed multiple duties to Mr. Barconia and to Plaintiff, including but not limited to:

   a. The duty to keep its patrons, invitees, customers, or people on the Premises such as Mr. Barconia safe;

   b. The duty to use reasonable care to protect persons on the Premises such as Mr. Barconia from known dangers such as violent incidents and/or shootings;

   c. The non-delegable duty to adequately staff security personnel throughout the Premises;

   d. The duty to conduct reasonable background checks on their employees, personnel, security personnel, vendors, agents and vendor employees;

   e. The duty to prevent their employees from possessing firearms while working at the Premises;

   f. The duty to properly train employees, personnel, security officers, vendors, employees of vendors, and managers/supervisors to protect patrons from dangers such as violent incidents and/or shootings;

   g. The duty to provide ongoing training to employees, personnel, security officers, vendors, employees of vendors, and managers/supervisors to protect patrons from dangers such as violent incidents;

   h. The duty to use reasonable care in the hiring, supervision, training, and retention of its employees, personnel, security officers, vendors, employees of vendors, and managers/supervisors; and

   i. The duty to act in a manner that does not violate State of Nevada, City of Las Vegas, City of North Las Vegas, and/or Clark County statutes, laws, and ordinances.

/ / /

/ / /

Page 4 of 8

24. Defendants breached their duties to Mr. Barconia when they failed to provide adequate security and security personnel, and otherwise failed to take reasonable steps to protect Mr. Barconia from being shot and killed.

25. As a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount greater than $15,000.00.

26. The conduct of Defendants, and each of them, individually and in concert one with another as alleged herein, was grossly negligent, willful, intentional, oppressive, malicious, fraudulent, reckless, and done in reckless disregard of the safety and rights of Mr. Barconia, thereby warranting the imposition of punitive damages.

27. That it has been necessary for Plaintiff to retain the services of legal counsel to prosecute this action, and Plaintiff is, therefore, entitled to reasonable attorneys' fees and costs associated therewith.

## SECOND CAUSE OF ACTION

### (Negligent Hiring, Training, Retention, and Supervision – All Defendants)

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 27 of this Complaint and incorporates each as though fully set forth herein.

29. Defendants, and each of them, selected, hired trained, supervised, directed, and/or controlled all agents, officers, servants, representatives, employees, personnel, security officers, security personnel, vendors, employees of vendors, and managers/supervisors of Defendants, and each of them, who were in any manner involved in the shooting of Mr. Barconia described herein at the Premises.

30. Defendants owed a non-delegable duty of care to Plaintiff, Mr. Barconia, and others similarly situated, to exercise due care in selecting, hiring, training, retaining, and supervising, directing, and controlling all agents, officers, servants, representatives, employees, personnel, security officers, security personnel, vendors, employees of vendors, and managers/supervisors of Defendants, and each of them, at the Premises.

/ / /

/ / /

Page 5 of 8

31. Defendants breached the non-delegable duty of care to Plaintiff, Mr. Barconia, and others similarly situated, by hiring agents, officers, servants, representatives, employees, personnel, security officers, security personnel, and/or managers/supervisors even though Defendants knew, or should have known, of the agents', officers', servants', representatives', employees', personnel's, security officers', security personnel's, vendors', employees' of vendors', and/or managers'/supervisors' dangerous propensities.

32. Defendants knew, or reasonably should have known, that Defendants' agents, officers, servants, representatives, employees, personnel, security officers, security personnel, vendors, employees of vendors, and managers/supervisors were not fit to perform the tasks regarding safety and security to which they were assigned by Defendants.

33. Defendants had the authority to supervise, prohibit, control, and/or regulate the actions of Defendants' agents, officers, servants, representatives, employees, personnel, security officers, security personnel, vendors, employees of vendors, and managers/supervisors at the time the actions, or inactions, were committed.

34. Defendants' failure to exercise their non-delegable duty of care to Mr. Barconia and Plaintiff and breach of this duty did actually, proximately, and legally cause damages and injuries to Plaintiff.

35. That the damages and injuries to Plaintiff as a result of the shooting at the Premises were foreseeable at the time of Defendants' breach of their non-delegable duty of care to Plaintiff.

36. As a direct and proximate result of Defendants' negligent hiring, training, retention, and supervision, Plaintiff has been damaged in an amount greater than $15,000.00.

37. The conduct of Defendants, and each of them, individually and in concert with one another as herein alleged, was grossly negligent, reckless, willful, intentional, oppressive, fraudulent, malicious, and done in reckless disregard of the safety and rights of Mr. Barconia thereby warranting the imposition of punitive damages.

38. That it has been necessary for Plaintiff to retain the services of legal counsel to prosecute this action, and Plaintiff is, therefore, entitled to reasonable attorneys' fees and costs associated therewith.

### THIRD CAUSE OF ACTION

### (Wrongful Death Against all Defendants)

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 38 of this Complaint and incorporates each as though fully set forth herein.

40. Defendants are each responsible for their willful actions and for the acts described in this Complaint.

41. Nevels, as an employee of Defendant Anderson, which was hired by, or contracted with, Defendant Walmart, used excessive force, and intentionally, wantonly, willfully, maliciously, oppressively, and without just provocation or cause proximately brought about Mr. Barconia's death and the injuries sustained by Plaintiff. Defendants ratified each other's conduct and caused Mr. Barconia's death.

42. Constance Benton is an heir within the meaning of NRS 41.085.

43. As such, Constance Benton is entitled to damages for grief, sorrow, loss of probable support, companionship, society, comfort and consortium, and for pain, suffering, and disfigurement suffered by Mr. Barconia, deceased.

44. Constance Benton, as the Special Administrator of Mr. Barconia's Estate, is further entitled to special damages, including medical and funeral expenses.

45. Constance Benton, as the Special Administrator of Mr. Barconia's Estate, is further entitled to exemplary and punitive damages pursuant to NRS 41.085 and NRS 42.005 *et seq.*

46. Plaintiff has been required to retain an attorney to prosecute this action and is entitled to their attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff expressly reserves the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;

2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00, including medical and funeral expenses;

3.    For punitive damages in an amount to be determined at trial;

4.    For exemplary damages in a sum to be determined at trial;

5.    For reasonable attorneys' fees and costs;

6.    For interest at the statutory rate; and

7.    For such other relief as the Court deems just and proper.

DATED this __ day of March 2025.

VEGAS VALLEY INJURY LAW

*/s/ Kristopher T. Zeppenfeld*

KRISTOPHER T. ZEPPENFELD
Nevada Bar No. 12144
kz@vegasvalleylaw.com
GARRETT B. LOGAN, ESQ.
Nevada Bar No. 15063
gbl@vegasvalleylaw.com
710 South Seventh Street, Suite C
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that I am an employee of Vegas Valley Injury Law, and on this __ day of March 2025, I caused the foregoing document entitled **Second Amended Complaint** was served upon those persons designated by the parties in the E-Service Master List for the above-referenced matter.

Sarai L. Thornton, Esq.
SKANE MILLS
1120 Town Center Dr., Suite 200
Las Vegas, NV 89144
Attorney for Defendant Walmart

Max E. Corrick, II, Esq.
Olson Cannon & Gormley
9950 West Cheyenne Ave.
Las Vegas, NV 89129
Attorney for Defendant Brosnan

/s/
An Employee of Vegas Valley Injury Law

Outlook

### RE: Barconia/Benton v. Walmart/Brosnan

**From** Max Corrick <mcorrick@ocgattorneys.com>
**Date** Thu 3/13/2025 1:28 PM
**To** Jennifer Reynhout <jreynhout@vegasvalleylaw.com>; Sarai L. Brown <sbrown@skanemills.com>; ylutes@skanemills.com <ylutes@skanemills.com>; Jim Olson <jolson@ocgattorneys.com>; Jane Hollingsworth <jhollingsworth@ocgattorneys.com>
**Cc** Kris T. Zeppenfeld, Esq. <kz@vegasvalleylaw.com>; Allison Hardy <AHardy@vegasvalleylaw.com>

You may insert my esignature.

Max Corrick
OLSON CANNON & GORMLEY
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

Office: 702-384-4012
Direct Dial: 702-383-1657

**Please be advised our firm's email addresses currently mcorrick@ocgas.com will expire.
New email address: mcorrick@ocgattorneys.com

This email, including attachments, is intended for the person(s) or company named and may contain confidential and/or legally privileged information. Unauthorized disclosure, copying or use of this information may be unlawful and is prohibited. This email and any attachments are believed to be free of any virus or other defect that might affect any computer into which it is received and opened, and it is the responsibility of the recipient to ensure it is virus free, and no responsibility is accepted by Olson Cannon & Gormley for any loss or damage arising in any way from its use. If you have received this communication in error, please immediately notify the sender at 702-384-4012, or by electronic email.

**From:** Jennifer Reynhout <jreynhout@vegasvalleylaw.com>
**Sent:** Thursday, March 13, 2025 1:27 PM
**To:** Sarai L. Brown <sbrown@skanemills.com>; ylutes@skanemills.com; Max Corrick <mcorrick@ocgattorneys.com>; Jim Olson <jolson@ocgattorneys.com>; Jane Hollingsworth <jhollingsworth@ocgattorneys.com>
**Cc:** Kris T. Zeppenfeld, Esq. <kz@vegasvalleylaw.com>; Allison Hardy <AHardy@vegasvalleylaw.com>
**Subject:** Barconia/Benton v. Walmart/Brosnan

Please advise if you have any proposed revisions to the attached SAO to Amend. Otherwise, please advise whether I have your permission to affix your e-signature.

Thank you.

 Outlook

### Re: [External Sender] Benton/Barconia v. Walmart/Brosnan

| | |
|---|---|
| From | Sarai L. Brown <sbrown@skanemills.com> |
| Date | Sun 3/16/2025 5:22 PM |
| To | Jennifer Reynhout <jreynhout@vegasvalleylaw.com>; Yesenia Lutes <ylutes@skanemills.com>; 'jolson@ocgattorneys.com' <jolson@ocgattorneys.com>; Max Corrick <mcorrick@ocgattorneys.com> |
| Cc | Kris T. Zeppenfeld, Esq. <kz@vegasvalleylaw.com>; Allison Hardy <AHardy@vegasvalleylaw.com> |

My apologies Jennifer! I thought I approved this prior to leaving. You may affix my esignature.

Thanks,

Sarai

Get Outlook for iOS

**From:** Jennifer Reynhout <jreynhout@vegasvalleylaw.com>
**Sent:** Sunday, March 16, 2025 7:16:56 PM
**To:** Yesenia Lutes <ylutes@skanemills.com>; Sarai L. Brown <sbrown@skanemills.com>; 'jolson@ocgattorneys.com' <jolson@ocgattorneys.com>; Max Corrick <mcorrick@ocgattorneys.com>
**Cc:** Kris T. Zeppenfeld, Esq. <kz@vegasvalleylaw.com>; Allison Hardy <AHardy@vegasvalleylaw.com>
**Subject:** Re: [External Sender] Benton/Barconia v. Walmart/Brosnan

Ms. Lutes, please advise.



**Vegas Valley Injury Law**
**Jennifer Reynhout**
Litigation Paralegal

T: 702-444-5555 | F: 725-800-7227

Email: jreynhout@vegasvalleylaw.com | www.vegasvalleylaw.com
710 South 7th Street, Las Vegas, Nevada, 89101

CONFIDENTIAL AND PRIVILEGED:  This communication is intended only for the person named above.  If you are not the person named above, or the employee or agent responsible for delivery of the information contained herein, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please destroy it and notify me via reply email. Thank you.

**From:** Jennifer Reynhout
**Sent:** Friday, March 14, 2025 1:21 PM
**To:** ylutes@skanemills.com <ylutes@skanemills.com>; sthornton@skanemills.com <sthornton@skanemills.com>; 'jolson@ocgattorneys.com' <jolson@ocgattorneys.com>; Max Corrick <mcorrick@ocgattorneys.com>; Linda Roth <lroth@ocgattorneys.com>; Jane Hollingsworth <jhollingsworth@ocgattorneys.com>