UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Constance Benton, | Case No. 2:23-cv-01034-GMN-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Walmart, Inc., et al., | |
| Defendants. | |

Before the Court is Defendant Walmart, Inc.'s motion to take the deposition of Donzell Dimitri Nevels. ECF No. 60. This motion can be properly resolved without further briefing. Because deposing Mr. Nevels is consistent with Rule 26(b)(1) and (2), the Court grants Defendant's motion.

Under Federal Rule of Civil Procedure 30, a party must obtain the court's permission to depose a witness in custody. Fed. R. Civ. P. 30(a)(2)(B). The court must grant leave to the extent consistent with Rule 26(b)(1) (defining the scope of relevant discovery) and (2) (granting courts discretion to limit discovery in certain circumstances). *Id.*; Fed. R. Civ. P. 26(b)(1)–(2). "The circumstances addressed in Rule 26(b)(2) are (1) whether the discovery is cumulative or duplicative or is readily obtainable from another more convenient source; (2) whether the party seeking the discovery has had ample opportunity to obtain the information; and/or (3) whether the discovery falls outside the scope of discovery permitted by Rule 26(b)(1)." *Berhanemeskel v. Lopez*, No. 2:24-CV-01371-JAD-DJA, 2025 WL 863618, at \*2 (D. Nev. Mar. 18, 2025) (quoting *Medina v. County of Los Angeles*, No. 2:21-cv-05554-DMG-KESx, 2022 WL 16847547, at \*3 (C.D. Cal. Oct. 4, 2022)).

First, Mr. Nevel's deposition is relevant and proportional to the needs of the case under Rule 26(b)(1). This is a wrongful-death case in which Mr. Nevels shot the deceased. Mr. Nevels has first-hand knowledge of the facts and circumstances of the shooting, which forms the basis of Plaintiff's complaint.

Second, none of the three concerns under Rule 26(b)(2) warrant denial of Defendant's motion. Plaintiff contends that, based on statements to police, Mr. Nevels was the only witness present at the shooting. ECF No. 60 at 3. Therefore, the deposition of Mr. Nevels is neither cumulative nor duplicative because he is a key witness, and his first-hand knowledge cannot be obtained from a more convenient source (concern one). Whether Plaintiff had ample opportunity to obtain the information sought is not applicable here (concern two), and as discussed above, this discovery does not fall outside the scope of Rule 26(b)(1) (concern three).

**IT IS THEREFORE ORDERED** that Defendant's motion to take the deposition of Donzell Dimitri Nevels (ECF No. 60) is **GRANTED**.

DATED: April 28, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE